# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59336-0-II |
| Respondent, | |
| v. | |
| A.I., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — AI appeals his adjudication of guilty of assault in the second degree. He alleges sufficient evidence does not support his adjudication because there was no identification evidence at trial. We affirm the juvenile court's adjudication.

FACTS

One morning, while LMR and AI were waiting for the middle-school bus, AI made inappropriate comments and LMR asked him to stop. The school bus arrived and LMR started walking towards the bus. AI pulled out a pocket knife and opened it. AI put the knife blade within a few inches of LMR's face. This scared LMR because she thought AI was going to hurt her. LMR and AI got on the bus and AI put the knife away.

When LMR got to school, she told her counselor what happened. LMR also called her mother, Pamela Orr-Rayton, and told her what happened. A security guard recovered the knife from AI. A school staff member called the police.

The State charged AI with assault in the second degree and unlawful possession of a dangerous weapon at a school facility.

At the adjudicatory hearing, Orr-Rayton testified about the phone call from her daughter. The prosecutor asked, "Now, back in January, did you get a call from your daughter when she was at school?" Rep. of Proc. (RP) at 9. Orr-Rayton answered in the affirmative. The prosecutor followed up with, "And was it involving the respondent here?" RP at 9. Orr-Rayton replied, "Yes." RP at 10.

Later, when LMR was testifying, the prosecutor asked, "Now, when the respondent—when [A.I.] opened [the pocket knife], did he open it with one hand." RP at 41. LMR responded, "Yes." RP at 41.

After the adjudicatory hearing, the juvenile court entered findings of fact and conclusions of law. The court concluded that "[t]he respondent is [AI]." Clerk's Papers (CP) at 17 (conclusion of law (COL) 2.2). It further concluded AI was guilty of assault in the second degree but not guilty of unlawful possession of a dangerous weapon at a school facility.

AI appeals.

ANALYSIS

AI argues that the evidence was insufficient to convict him of assault in the second degree because there was no identification evidence at the adjudicatory hearing. We disagree.

The test for determining the sufficiency of evidence is whether any rational trier of fact could find the elements of the charged crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State. *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019). We resolve all reasonable inferences based on the evidence in favor of the State and interpret inferences most strongly against the defendant. *Id*.

Due process requires the State to prove every element of a crime beyond a reasonable doubt. U.S. CONST., amend. XIV; WASH. CONST., art. I § 3; *In re Matter of Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Under RCW 9A.36.021(1)(c), the State must prove that the defendant assaulted another with a deadly weapon under circumstances not amounting to assault in the first degree to establish assault in the second degree. Additionally, identity is a key element to every crime: the State must prove the accused is the person who committed the crime in order to convict. *State v. Hill*, 83 Wn.2d 558, 560, 520 P.2d 618 (1974). "Identity involves a question or fact for the jury and any relevant fact, either direct or circumstantial, which would convince or tend to convince a person of ordinary judgment, in carrying on his everyday affairs, of the identity of a person should be received and evaluated." *Id.*

Here, there was testimony from LMR connecting the term "the respondent" to AI's name. Moreover, Orr-Rayton specifically testified that "the respondent" was in the court room. RP at 9-10. A person of ordinary judgment would conclude that AI was the person who committed the crime. *Hill*, 83 Wn.2d at 560. Therefore, sufficient evidence supports AI's adjudication of guilty of assault in the second degree.

CONCLUSION

We hold that sufficient evidence supports AI's adjudication of guilty of assault in the second degree. Accordingly, we affirm the juvenile court's adjudication.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                _____
                                                    Veljacic, A.C.J.

We concur:

_____
        Maxa, J.

_____
        Price, J.